[Cite as *State v. Bobst*, 2014-Ohio-660.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DOUGLAS W. BOBST, JR. | : | Case No. CT2013-0046 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. CR2013-0083



JUDGMENT:                         Reversed and Remanded




DATE OF JUDGMENT:                 February 24, 2013




APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

RON WELCH                                  WILLIAM T. CRAMER
27 North Fifth Street                      470 Olde Worthington Road
Zanesville, OH  43701                      Suite 200
                                           Westrville, OH  43082

*Farmer, J.*

{¶1}  On April 10, 2013, the Muskingum County Grand Jury indicted appellant, Douglas Bobst, Jr., on one count of burglary in violation of R.C. 2911.12, one count of theft in violation of R.C. 2913.02, and one count of grand theft of a firearm in violation of R.C. 2913.02.  Appellant had stolen electronics and gun parts from his parents' home while they were out of town.

{¶2}  On June 24, 2013, appellant pled guilty as charged.  At sentencing, the trial court merged the theft count with the burglary count, but did not merge the grand theft of a firearm count.  By sentencing entry filed August 21, 2013, the trial court sentenced appellant to an aggregate term of twenty-four months in prison.

{¶3}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}  "THE TRIAL COURT VIOLATED PRINCIPLES OF DOUBLE JEOPARDY AND R.C. 2941.25 BY FAILING TO MERGE GRAND THEFT OF A FIREARM AND BURGLARY."

II

{¶5}  "APPELLANT WAS DEPRIVED OF HIS RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 10, WHEN DEFENSE COUNSEL ERRONEOUSLY CONCEDED THAT GRAND THEFT OF A FIREARM AND BURGLARY DID NOT MERGE UNDER R.C.2941.25."

I

{¶6}   Appellant claims the trial court erred in failing to merge the grand theft of a firearm count with the burglary count in violation of the principles of double jeopardy and R.C. 2941.25 (allied offenses).

{¶7}   In its appellate brief at 1, the state concedes the issue, stating: "[t]he State does not dispute the validity of defendant's argument in Assignment of Error Number One."

{¶8}   Based upon the foregoing, we find the trial court erred in failing to merge the grand theft of a firearm count with the burglary count.

{¶9}   Assignment of Error I is granted.  Based upon this decision, Assignment of Error II is moot.

{¶10}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 214